## D. L. & L. CORP.

v.

## Betty E. LEONARD and Vernon W. Libby.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1981.

Decided Oct. 13, 1981.

---

Vafiades, Brountas & Kominsky, Charles E. Gilbert (orally), Bangor, for plaintiff.

Gross, Minsky, Mogul & Singal, P. A., George C. Schelling (orally), Nathan Dane, III, George Z. Singal, Bangor, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

In 1976 Betty Leonard brought suit against the plaintiff D. L. & L. Corp., in Superior Court (Penobscot County) and obtained judgment which established

"an easement by prescription for a right of way over land of Defendant [D. L. & L. Corp.] from the premises of the Plaintiff to West Broadway for foot passengers and vehicles of every description." [1]

The judgment was not appealed.

In April 1979, following dispute as to the width of the easement, plaintiff D. L. & L. Corp. brought the present suit against Betty Leonard seeking a construction of the Order fixing the width of the prescriptive easement at ten feet. Defendant Libby, operates a business in the vicinity of defendant Leonard's home and uses the easement for access. Although not a party in the 1976 action, Libby sought to intervene in the present action. His motion to intervene in the action as of right under M.R. Civ.P. 24(a) was granted, and a trial was held in Superior Court (Penobscot County) without a jury. Judgment was awarded to the defendants. The court construed the 1976 order as determining that

"defendants had an easement over plaintiff's land which is bounded on one side by the northwesterly line of plaintiff's land and on the other side by the curb presently near the westerly wall of the building described as 'McCormick Motors, Inc.' on the . . . survey plan . . . running from Ballantyne Court to the southwesterly limit of West Broadway." [2]

Plaintiff appeals from the judgment of the court. The issue is whether the Superior Court erred in determining the location and width of the easement. We find no error.

In reviewing questions of fact, we are guided by M.R.Civ.P. 52(a) which provides:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge . . . the credibility of the witnesses."

---

1. Upon D. L. & L. Corp.'s Motion for Relief from Judgment, the court amended the description of the easement by adding "adjacent to and on the southeasterly side of the northwesterly line of Defendant's land, from the Easterly corner of Plaintiff's land to the southwesterly limit of West Broadway." The amendment does not affect the issues herein.

2. This portion of the January 5, 1981 order was not included within the directions for the entry of judgment. Counsel at oral argument agreed upon remand to secure an amendment of the judgment to conform to the order.

In order to determine the width of the easement, the trial court had to construe the meaning of the 1976 order establishing an easement "for foot passengers and vehicles of every description." In 1976 the court, basing its finding on a view, had stated that the easement was clearly visible. Testimony at the 1980 trial showed that the area between the curb and plaintiff's boundary was and had been an undifferentiated area of packed dirt. Evidence was also presented from which it could be determined that Betty Leonard had used the whole width of the area throughout the prescriptive period. We are satisfied, therefore, that the court's determination of the width and location of the easement was not clearly erroneous.

The findings included in the court's order pertaining to defendant Libby, however, are clearly erroneous and must be reversed. There is nothing in the record to support the finding that

> "defendants and other residents of Ballantyne Court ... have, since at least 1938, used the easement ... for vehicular traffic of all kinds."

While that finding is correct as to defendant Leonard, the record is wholly inadequate to establish a prescriptive easement in favor of defendant Libby. Libby did not move to Ballantyne Court until 1969. Mrs. Leonard's easement, established by prescription, was judicially recognized in 1976. Although the 1976 findings stated that plaintiff and her family, as well as other residents of Ballantyne Court, have used the right of way in dispute from 1944, Mr. Libby was not a party to that action and did not thereby gain an easement. Moreover, in the present case although there was testimony that Libby had used the easement since 1969 and that one of his predecessors in title had used it between 1955 and 1960, this was not sufficient to support the finding of an easement by prescription.

The entry is:

Judgment entered in favor of defendant Leonard is affirmed and remanded for amendment to include the order of January 5, 1981.

Judgment entered in favor of defendant Libby is vacated.

All concurring.